UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY CAREY,

      Plaintiff,

v.

      Case No. 20-cv-10451
      Hon. Matthew F. Leitman

NABIMA BASSETT, *et al.*,

      Defendants.

_____/

## **ORDER DISMISSING COMPLAINT (ECF No. 1) WITHOUT PREJUDICE**

On February 20, 2020, Plaintiff Kimberly Carey filed this action against the Defendants. (*See* Compl., ECF No. 1.) Carey alleges, among other things, that Defendants discriminated against her on the basis of her race. (*See id.*)

As of July 8, 2021, it did not appear that Carey had taken any action to prosecute her claims in this action. The Court therefore entered an order requiring Carey to show cause why it should not dismiss her Complaint for failure to prosecute (the "Show Cause Order"). (*See* Show Cause Order, ECF No. 4.) The Show Cause Order subsequently returned to the Court as undeliverable because Carey had failed to update her current mailing address. (*See* ECF No. 5.) That failure violated the requirement in Local Rule 11.2 that parties keep the Court informed of their current contact information. *See* E.D. Mich. Local Rule 11.2. Accordingly, on August 10, 2021, the Court dismissed Carey's action without prejudice due to her failure to

1

comply with Local Rule 11.2 (the "Dismissal Order"). (*See* Dismissal Order, ECF No. 6, citing E.D. Mich. Local Rule 11.2.)

Unbeknownst to the Court – due to delays in mail delivery and the processing of mail due to the COVID-19 pandemic – Carey had in fact attempted to respond to the Show Cause Order and inform the Court of her new address prior to the Court's dismissal of her action. On July 31, 2021, Carey sent a letter to the Court in which she (1) told the Court that she would "very much like to continue with this case," (2) explained that she had been unable to prosecute her claims due to, among other things, "illness" and deaths in her family, and (3) provided the Court her updated mailing address. (Carey Ltr., ECF No. 7.) The Court did not receive notice of that letter until August 12, 2021, two days after it had dismissed her Complaint. (*See* Dkt.) The Court therefore vacated the Dismissal Order and reinstated this action to its active docket (the "Reinstatement Order"). (*See* Order, ECF No. 8.)

In the Reinstatement Order, the Court required Carey, by no later than November 15, 2021, to "(1) prepare a summons for each Defendant, (2) submit those summonses for processing by the Clerk of the Court, (3) upon return of the summonses from the Clerk of the Court, properly serve the summonses and Complaint on each Defendant, and (4) file a certificate of service with the Court providing evidence of service." (*Id.*, PageID.28-29.) The Court then told Carey that if she did not comply with the Court's directions, it would "dismiss her action for

failure to prosecute." (*Id.*, PageID.29.) The Court served a copy of the Reinstatement Order on Carey by mailing the order to the new address that she had provided the Court. (*See* Dkt.)

Carey has not taken any action in this matter since the Court issued the Reinstatement Order. She has not complied with the Reinstatement Order by submitting summonses for processing, nor has she submitted any proofs of service with the Court providing evidence that she has served Defendants with the Complaint. Finally, Carey has not contacted the Court to ask for additional time to comply with the Reinstatement Order. For all of these reasons, because Carey has failed to comply with the requirements of the Reinstatement Order, and because she has failed to prosecute her case, the Court **DISMISSES** Carey's Complaint (ECF No. 1) **WITHOUT PREJUDICE**. *See* E.D. Mich. Local Rule 41.2.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3